BRANAN BROTHERS v. EXCELSIOR SHOE CO. et al.

It not affirmatively appearing from the record that the creditors who commenced their suits before the creditors' bill was filed, the judgments thereon being rendered after the receiver was appointed, acquired any legal lien upon the assets which produced the money to be distributed under the decree on the creditors' bill, inasmuch as this money may have been derived from choses in action on which an ordinary judgment at law would have no lien, or if it was the produce of goods sold by the receiver, those goods may have been sold before the judgments were rendered, so that no lien upon the goods had been acquired, this court cannot hold that the court below erred in distributing the fund *pro rata* among all the contesting creditors, instead of giving these judgments priority.

April 2, 1894. Argued at the last term.　　　*Judgment affirmed.*

Motion to distribute money. Before Judge BOYNTON. Pike superior court. March term, 1893.

v 94-30

The firm assets of Murphy & Stroud were put into the hands of a receiver, under a petition in the nature of a general creditors' bill.  When the cause came on for final hearing, and upon a motion to distribute money in the receiver's hands, it was agreed that, as to the latter, the judge should determine all questions made, without a jury.  The money was claimed by various creditors who obtained their judgments under the petition above mentioned, April 1, 1893.  Branan Bros., who had obtained judgment on May 19, 1892, after the appointment of the receiver but upon suit begun before such appointment, insisted that the money should be first applied to their judgment, as it was of older date than those of the other creditors mentioned.  The judge held that, after paying costs and attorney's fees to certain mortgages older than any judgment, the money should be prorated between all the judgments; and refused to give any preference to Branan Bros.

R. L. MERRITT, for plaintiffs in error.

STEWART & DANIEL, S. N. WOODWARD, J. J. ROGERS, S. J. HALE, J. F. REDDING and E. F. DUPREE, contra.